```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
  BERNICE FRIMPONG,                           :
                          Plaintiff,          :
                                              :           22 Civ. 6704 (LGS)
                -against-                     :
                                              :                ORDER
  RITE-AID OF NEW YORK, INC., et al.,         :
                          Defendants.         :
                                              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendants Rite Aid of New York, Inc. ("Rite Aid") and AFP Sixteen Corp. were allegedly served with the Complaint on August 25, 2022, through the New York Secretary of State.  Pursuant to a court order, on September 30, 2022, Plaintiff also filed a letter regarding her efforts to provide Defendants with actual notice.  This letter stated that Plaintiff had served Defendant Rite Aid by mailing the Complaint and summonses to the CEO's address listed in the New York Department of State directory.

      WHEREAS, an answer was due "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), but no such answer was filed.

      WHEREAS, on September 30, 2022, the Clerk of Court entered a certificate of default.

      WHEREAS, on October 28, 2022, the Court issued an Order adjourning the initial conference scheduled for November 2, 2022, by one week, and directing Plaintiff to file a further status letter regarding her anticipated motion for a default judgment.

      WHEREAS, on October 31, 2022, Defendant Rite Aid appeared.  In a letter filed on ECF, counsel for Rite Aid represented that it anticipated finalizing representation of Defendant AFP Sixteen Corp. in the coming days.  In that letter, the parties jointly requested that the Court set aside the certificate of default and reset deadlines for the initial pre-trial conference and

submission of a proposed case management plan.

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Courts consider the following factors in determining whether good cause exists: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry*, 779 F.3d 182, 186 (2d Cir. 2015); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021).

WHEREAS, in their letter submitted on October 31, 2022, Defendants represent that they received actual notice of this lawsuit on October 6, 2022, and promptly sought to retain counsel. In this letter, Plaintiff consents to the setting aside of the certificate of default. It is hereby

**ORDERED** that there is good cause to set aside the certificate of default. There are several grounds for finding good cause, including that: Defendant did not have actual notice of this lawsuit prior to the issuance of the certificate of default; setting aside the default would not prejudice Plaintiff at this early stage of the litigation; and Defendant wishes to respond to the Complaint and otherwise litigate the case. It is further

**ORDERED** that, by **November 30, 2022**, Defendant shall answer, move or otherwise respond to the Complaint. It is further

**ORDERED** that the initial pre-trial conference is **adjourned** to **December 7, 2022**, at **4:10 p.m.** The conference will be telephonic and will take place on the following conference line: 888-363-4749; access code 558-3333. The joint letter and proposed case management plan, as described in the Order issued August 23, 2022, are due **November 30, 2022**.

Dated: November 1, 2022
New York, New York

2

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**