# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BERNICE FRIMPONG**,<br><br>Plaintiff,<br><br>-against-<br><br>**RITE AID OF NEW YORK, INC.**, **AFP SIXTEEN CORP.**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown,<br><br>Defendants. | **CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**<br><br><br><br>**CASE NO.: 22-cv-6704-LGS** |

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties <u>have</u> conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    [<u>Answer: No</u>]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
    [<u>Answer: No</u>]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
    [<u>Answer: No</u>]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    [<u>Answer: No</u>]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions <u>have</u> taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

   <u>Answer: Counsel for the parties have had informal discussions regarding exchange of information. Counsel for the parties will make discovery demands after the Initial Pretrial Conference.</u>

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   <u>Answer: Counsel for the parties propose to participate in the District Mediation Program.</u>

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   <u>Answer: counsel for the parties recommend that mediation take place within 45 days following the Initial Pretrial Conference.</u>

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after <u>December 21, 2022,</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>December 21, 2022</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>December 21, 2022,</u> within 14 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than <u>April 6, 2023</u>. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>February 15, 2023</u>.

   c. Responsive documents shall be produced by <u>March 15, 2023</u>. Do the parties anticipate e-discovery? [<u>Answer: No</u>]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>February 15, 2023</u>.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>April 6, 2023</u>.

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>February 15, 2023</u>.

   g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
   <u>Plaintiff and Defendants expect to hire experts on ADA compliance, who will examine Defendants' property and draft reports. Plaintiff expects to hire a forensic accountant to analyze Defendants' financial records for the past three years, which Defendants may rebut with their own expert.</u> Plaintiff also expects to hire an architect to make a report on how Defendants' business should be brought in compliance with the ADA, which Defendants may rebut with their own expert.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than <u>May 22, 2023</u>.
   *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by <u>March 6, 2023</u> *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is two-three days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

　_____
　_____
　_____
　_____
　_____
　_____
　_____
　_____

13. Status Letters and Conferences

    a. By February 6, 2023 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By April 20, 2023 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On June 5, 2023, at 10:00 A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference, and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled, and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

　　　This Order may not be modified, or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify

or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
      New York, New York

                                                    LORNA G. SCHOFIELD
                                             United States District Judge

Counsel for the Parties:

_____      _____

_____      _____

_____      _____