November 30, 2022

<u>**VIA ECF FILING**</u>
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>**BERNICE FRIMPONG v. RITE AID OF NEW YORK, INC., et al.**</u>
             <u>**Case No.: 22-cv-6704-LGS**</u>

Dear Judge Schofield:

    The Parties hereby submit this joint letter pursuant to Your Honor's Orders dated August 23 and November 1, 2022. <u>See</u> ECF Nos. 11 and 28.

**1. A brief statement of the nature of the case, the principal claims and defenses and the major legal and factual issues, that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

    **Plaintiff's Statement:**

    This is an action under Title III of the Americans with Disabilities Act of 1990 (the "ADA") to enjoin unlawful discrimination based on disability. Plaintiff was discriminated against on the basis of disability. She is a 40-year-old woman, who had been diagnosed with poliomyelitis and her left leg is shorter than the right one. She had not been able to walk for the past 20 years. Her treating physician has prescribed to her a wheelchair, on which she relies for mobility, which she uses every day, and without which she cannot move about. Plaintiff needs an accessible parking space and access aisle close to an entrance of a pharmacy and next to other places of public accommodation. Routes connecting accessible spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose danger of tipping, catching wheels, or falling. Plaintiff experienced discrimination when she visited Defendants' Rite Aid pharmacy, located near her home in the Bronx, NY, in an accessible van. Plaintiff had difficulties transferring between the accessible van and the ground of the parking lot of the pharmacy with her wheelchair because of the slope of the accessible parking space. She also had difficulties moving and rotating the wheels of her wheelchair with her hands in the access aisle, because of its steep slope. She purchased an item in Rite Aid and obtained a receipt. The ADA violations in the parking lot include impermissibly and unlawfully steep accessible space and access aisle. In addition, the ground surface of the parking lot is cracked and damaged. Plaintiff intends to come back to shop at the pharmacy when Defendants remediate the violations. Consequently, all elements necessary for Plaintiff to prevail in an ADA lawsuit are present.

**Defendants' Statement:**

Defendants deny each claim of wrongdoing alleged by the Plaintiff against them, and intend to assert various affirmative defenses. Defendants dispute the existence of any violations of the federal, state, or local disability laws, and maintain that as a "tester," Plaintiff lacks the requisite standing to bring her public accommodation claims and lacks the requisite legitimate intent to return to the subject facility. Defendants have not denied Plaintiff access to any of the benefits, accommodations, or services of the subject facility, or otherwise discriminated against her. Further, the alleged violations of which Plaintiff complains are *de minimis* and nonactionable because they do not materially impair Plaintiff's use of an area of the subject property for any intended purpose. To the extent a violation exists, and the removal of the alleged barrier is not readily achievable, easily accomplished, or able to be carried out without much difficulty or expense, the alleged violations are non-actionable under federal, state, or local disability laws.

2. **A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

   **Plaintiff's Statement**:

   Plaintiff files this action complaining of the violations of Title III of the ADA. This action is brought under ADA 42 U.S.C. §12182, §12183, and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. §2000a-3, §204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 C.F.R. Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 C.F.R. Part 1191, appendices B and D, the 2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, as well as New York State Civil Rights Law §40-c and §40-d, New York State Human Rights Law §296, and New York City Human Rights Law [Administrative Code] §8-107. Plaintiff seeks compensatory and statutory damages, declaratory and injunctive reliefs, attorney's fees, expert fees, and costs against Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. §451, §1331, §1337, §1343, §2201, §2202, and 42 U.S.C.A. §12181, et seq., as it involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. §1367(a). Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because all events, or omissions, giving rise to this action, and alleged herein, occurred in this district. Venue is also proper in this district because Defendants' property, the public accommodation, which is the subject of this action, is located in, and does business within, this judicial district.

   **Defendants' Statement:**

   Defendants leave all matters of federal jurisdiction and venue to the Court.

3. **In cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a**

**corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.**

The parties agree that this case is not founded on diversity jurisdiction.

4. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

   **Plaintiff's Statement:**

   Plaintiff intends to file a motion for summary judgment. Plaintiff is confident that experts on ADA compliance, hired by both Plaintiff and Defendants, will conclude that there are violations of the ADA in the store's parking lot. Plaintiff is also confident that a forensic accountant she intends to hire, and who will examine Defendants financial records for the past three years, will conclude that it is readily achievable for Rite Aid, a multibillion-dollar conglomerate and one of the largest pharmacy chains in the nation, to remediate the violations under the ADA, New York State and New York City laws, so that Plaintiff and other disabled individuals would be able to shop and buy medications at the pharmacy. Plaintiff does not believe that there will be any issues to be resolved by a jury and believes that it would be possible to resolve the case with a motion for summary judgment. There are no pending motions and Plaintiff does not expect to make any applications at the status conference. Nevertheless, Plaintiff demands a jury trial in the event she will not prevail on her motion for summary judgment.

   **Defendants' Statement**:

   Defendants will file an opposition should Plaintiff file a summary judgment motion, as well as their own motion for summary judgment, dismissing Plaintiff's complaint and awarding Defendants attorney's fees and costs. Without waiving rights to do so as this case proceeds and facts are developed during discovery, and in accordance with the Local Rules and the rules of this Court, Defendants currently have no intention of filing a substantive motion other than as noted above, but may file discovery motions if/when appropriate.

5. **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1)).**

   **Plaintiff's Statement:**

   The parties did not yet exchange any documents related to discovery in this case. Plaintiff anticipates that she will hire three experts. One of them is going to be an expert on ADA compliance. Another expert is going to be a forensic accountant, who will analyze Defendants'

financial records for the past three years, and who Plaintiff anticipates, will conclude that Defendants have financial means to remediate the ADA violations in their store's parking lot and that such remediation is readily achievable. The third expert is going to be an architect, who will issue a report on how violations at Rite Aid may be remediated by Defendants.

**Defendants' Statement:**

Discovery demands have yet to be exchanged and no documents have yet been produced. Defendants anticipate hiring a rebuttal expert regarding Defendants' compliance with the federal, state, and local disability laws, as well as on the feasibility of Plaintiff's proposed remediations. Defendants intend on opposing Plaintiffs' use of a forensic accountant as the records Plaintiff proposes analyzing are confidential business records which are irrelevant to the merits of Plaintiff's claim and thus, non-discoverable. Further, to the extent any such records are discoverable, expert testimony concerning such records is unnecessary as the records would speak for themselves concerning Defendants' financial means.

**6. A computation of each category of damages claimed,** *see* **Fed. R. Civ. P. 26(a)(1)(A)(iii).**

**Plaintiff's Statement:**

First and foremost, Plaintiff requests the Court to issue a permanent injunction enjoining Defendants from disability discrimination and ordering them to submit architectural and construction plans to Plaintiff's counsel regarding the way Defendants are going to remediate the ADA violations. Plaintiff also demands compensatory damages in the amount of $1,000 from Defendants under the New York State Human Rights Law, NY CLS Exec §297(9) and the New York City Human Rights Law, NYC Admin. Code §8-125. In addition, Plaintiff also requests statutory monetary damages in the sum of $500 from Defendants to compensate her for their violation of New York Civil Rights Law §40-c and §40-d. Finally, Plaintiff requests Defendant to pay her attorney's fees, costs, and expenses. The amount of attorney's fees cannot be computed at this time because it is not yet known how much time Plaintiff's attorney will have to spend on this case.

**Defendants' Position:**

Defendants maintain that Plaintiff is not entitled to any compensatory or punitive damages under the federal, state, or local human rights law. Further, the injunctive relief sought by Plaintiff is unnecessary as there was no discrimination against the Plaintiff and there is no reason to believe there would be any discrimination in the future and the relief sought would require a disproportionate cost to the *de minimis* nature of the alleged violation. Additionally, Defendants intend on seeking attorney's fees and costs to the extent Plaintiff "multiplies the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927.

7. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

      The parties have had preliminary settlement discussions and believe that, pending investigation into the alleged violations and any proposed remediation, a settlement is likely without the aid of a settlement conference.

8. **Any other information that the parties believe may assist this Court in resolving the action.**

      The parties do not have any additional information that may assist the Court in resolving this action at this time.

      We thank Your Honor for considering this matter.

      Respectfully,

| **GENOVA BURNS LLC** | **LAW OFFICES OF MICHAEL GRINBLAT** |
|---|---|
| By:/s/*Thomas L. Bellifemine, Esq.* | By:/s/*Michael Grinblat, Esq.* |
| Thomas L. Bellifemine, Esq. | Michael Grinblat, Esq. |
| Peter Berk, Esq. (to be admitted *Pro Hac Vice*) | 10 East 39th Street, 12th Floor |
| 115 Broadway, 15th Floor | New York, NY 10016 |
| New York, NY 10006 | *Attorney for Plaintiff* |
| *Attorneys for Defendants* | |